| | |
|---|---|
| STATE OF NORTH CAROLINA<br>CATAWBA COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>Case No. 21-CVS-1285 |

COMMSCOPE HOLDING COMPANY, INC,

    Plaintiff,

    v.

ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY,

    Defendant.

COMPLAINT

*FILED 2021 MAY 21 P 1:39 CATAWBA CO., C.S.C.*

Plaintiff CommScope Holding Company, Inc. ("CommScope" or the "Insured"), by and through its undersigned counsel, files this Complaint against Defendant Allianz Global Risks US Insurance Company ("Allianz") and alleges as follows:

## INTRODUCTION

1. In this action, CommScope seeks to recover business interruption loss, costs and expenses under an "all-risk" insurance policy sold to CommScope by Allianz.

2. CommScope is a global leader and innovator in the communications infrastructure industry. CommScope designs, builds and manages wireless networks around the world, and has been instrumental in the creation of cable television infrastructure, wireless networks, data centers and intelligent buildings.

3. CommScope conducts its operations at facilities, including manufacturing, research and development, warehouses and office space, in the United States, Latin and South America, and overseas. CommScope also depends upon a network of suppliers located worldwide in order to manufacture, produce and distribute its products.

4. In 2020, during the period covered by the insurance policy sold to CommScope by Allianz, CommScope sustained physical loss or damage to its insured properties as a result of a number of different causes, all related to the COVID-19 Pandemic.

5. CommScope, as well as CommScope's suppliers and customers, were fully or partially prevented from using their properties for their intended purpose, and therefore suffered physical loss or damage, due to the various executive orders and otherwise imposed rules, regulations and guidance issued due to the COVID-19 Pandemic (hereinafter the "Government Closure Orders"). The Government Closure Orders prevented or limited access to CommScope's facilities and to the facilities of CommScope's suppliers and customers.

6. SARS-CoV-2 also caused physical loss or damage to CommScope's property, and to other property, including to facilities owned or operated by CommScope's suppliers and customers.

7. As a direct result, CommScope was unable to obtain materials and components for its products and was otherwise unable to manufacture, produce or distribute its products to satisfy customer demand.

8. CommScope also incurred substantial costs and expenses to retrofit and protect its facilities as a result of SARS-CoV-2 and the Government Closure Orders in an effort to maintain its business operations as close to normal and to minimize its loss of revenue.

9. CommScope has sustained substantial losses, including business interruption losses and other expenses, as a result of physical loss or damage due to SARS-CoV-2 and the Government Closure Orders.

10. The policy that Allianz sold to CommScope covers CommScope's locations (as well as the locations of certain CommScope suppliers and customers) against "all risks" of physical

2

loss or damage. This includes loss or damage due to SARS-CoV-2 and the Government Closure Orders.

11. The policy that Allianz sold to CommScope also provides various Time Element coverages that are designed to insure CommScope's business interruption losses and related expenses, including those due to SARS-CoV-2 and the Government Closure Orders.

12. CommScope has sought insurance coverage for the losses it suffered, and continues to suffer, during the COVID-19 pandemic. To date, Allianz has not acknowledged coverage for CommScope's claim or otherwise paid CommScope's losses.

13. Allianz has failed to issue any final determination of CommScope's claim.

14. CommScope brings this action against Allianz seeking a determination from the Court that Allianz is obligated under the terms of the subject insurance policy to reimburse CommScope for its losses, costs and expenses as a result of the impact of SARS-CoV-2 and the Government Closure Orders at the various insured locations.

## PARTIES

15. Plaintiff CommScope is a Delaware corporation with its principal place of business in Hickory, North Carolina.

16. Upon information and belief, Defendant Allianz is an Illinois corporation with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this dispute pursuant to N.C. Gen Stat. §§ 7A-240 and 7A-243.

18. This Court has personal jurisdiction over the parties in dispute.

19. Venue in this Court is proper pursuant to N.C. Gen. Stat. § 1-80 because, among other things, this is an action against a foreign corporation which usually does business in the county, and Plaintiff CommScope is a resident of North Carolina and resides in the county.

## FACTUAL ALLEGATIONS

### I. SARS-CoV-2 Caused Physical Loss and Damage to Property Worldwide

20. SARS-CoV-2 is a form of coronavirus that originated in China in 2019.[1] SARS-CoV-2 causes a highly infectious respiratory disease called coronavirus disease 2019, or "COVID-19."[2]

21. SARS-CoV-2 quickly traveled everywhere. Indeed, as of May 19, 2021, there have been more than 163 million confirmed cases of COVID-19 and over 3.3 million deaths worldwide.[3]

22. COVID-19 spreads through respiratory droplets from person-to-person.[4] The disease can be transmitted when an infected person sneezes, coughs on or touches surfaces or objects.[5]

23. The Centers for Disease Control and Prevention published a study in July 2020 that concluded "droplet transmission was prompted by air-conditioned ventilation" that caused an outbreak among people who dined in the same air-conditioned restaurant.

24. SARS-CoV-2 can exist on surfaces for days.[6] The virus may be contracted by individuals who come in contact with infected surfaces.[7]

---

[1] https://www.mayoclinic.org/diseases-conditions/coronavirus/symptoms-causes/syc-20479963.
[2] *Id.*
[3] https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html
[4] https://nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days.
[5] https://www.who.int/emergencies/diseases/novel-coronavirus-2019/questions-answers-hub/q-a-detail/coronavirus-disease-covid-19-how-is-it-transmitted.
[6] https://nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days.
[7] *Id.*

25. SARS-CoV-2 is a physical substance that is active on physical surfaces and can transfer into the air from those surfaces.

26. The presence of SARS-CoV-2 on surfaces and in buildings renders those surfaces and buildings unsafe, and thus unfit for their intended purposes.

27. SARS-CoV-2 damages surfaces it touches.

28. Scientific studies suggest that SARS-CoV-2 cannot be completely cleaned from the surfaces it touches. Those surfaces remain altered until the SARS-CoV-2 present on those surfaces dies.

## II. State, Local, and Foreign Governments Responded to the COVID-19 Pandemic by Issuing Closure Orders Preventing Businesses From Using Their Property for Their Intended Purposes

29. In an effort to protect people from harm and property from loss or damage, governments around the world issued the Government Closure Orders, requiring closure of various non-essential businesses and otherwise prohibiting, limiting or restricting access to buildings and property.

30. For instance, on March 19, 2020, the Governor of California issued Executive Order N-33-20 requiring all residents to stay at home except as necessary to maintain certain essential critical infrastructure operations. That same date, the city of Los Angeles issued a "Safer at Home" order under the city's emergency authority, noting that "the COVID-19 virus can spread easily from person to person ***and it is physically causing property loss and damage*** due to its tendency to attach to surfaces for prolonged periods of time." (emphasis added).

31. Likewise, on March 30, 2020, the Governor of Arizona issued Executive Order 2020-18 implementing a "Stay home, Stay healthy, Stay connected" policy to slow the spread of COVID-19, which limited access to non-essential businesses and imposed implementation of

5

certain sanitation and mitigation measures established by the Department of Labor and/or the Arizona Department of Health Services on businesses performing essential functions.

32. National and local governments throughout the United States, and in foreign countries, including Mexico, China, and India, imposed similar restrictions, including, in some cases, the implementation of strict mitigation measures in order for businesses to continue operations during the COVID-19 pandemic.

33. The Government Closure Orders have prevented access to and caused the interruption or suspension of businesses, including CommScope, as well as the imposition on such businesses of additional costs, expenses and losses to retrofit their properties and to otherwise mitigate the risk of loss or damage to property caused by the COVID-19 pandemic.

### III. Losses to CommScope's Business Caused by SARS-CoV-2 and/or the Government Closure Orders

34. CommScope is a global leader in infrastructure solutions for communications networks and a key supplier of customer premises equipment, video and broadband infrastructure, and cloud software.

35. CommScope's operations include more than 30 manufacturing and distribution facilities across the globe, as well as research and development/engineering facilities, warehouses, and offices spaces.

36. CommScope employs over 30,000 people.

37. CommScope also relies upon third-party contractors, suppliers, and manufacturers, located around the world, in order to manufacture, produce and distribute its products.

38. The actual presence of SARS-CoV-2 has been confirmed at various CommScope locations as evidenced by certain employees of such locations who tested positive for COVID-19.

6

Those employees have infected CommScope properties with SARS-CoV-2, including at the following locations:

| North America Region | Europe, Middle East, Africa | Caribbean, Latin America | Asia Pacific Region |
|---|---|---|---|
| Ashburn, VA | Agrate, IT | Bermudez, MX | Bangalore, IN |
| Catawba, NC | Brno, CZ | Delicias, MX | Chennai, IN |
| Claremont, NC | Kessel-Lo, BE | Sao Paulo, BR | Goa, IN |
| Fuquay, NC | Madrid, ES | Reynosa, MX | |
| Greensboro, NC | North Wales, UK | Praderas, MX | |
| Hickory, NC | | | |
| Pineville, NC | | | |
| Joliet, IL | | | |
| El Paso, TX | | | |
| Euless, TX | | | |
| Mission, TX | | | |
| Richardson, TX | | | |
| Santa Ana, CA | | | |
| Santa Teresa, NM | | | |
| Tempe, AZ | | | |

39. Numerous CommScope facilities have been temporarily closed and/or significantly impacted by SARS-CoV-2 and/or the Government Closure Orders, including CommScope facilities in Suzhou, China; Goa, India; Bermudez, Mexico; Praderas, Mexico; Reynosa, Mexico; Delicias, Mexico; Catawba, NC; Claremont, NC; and Santa Ana, California.

40. As a direct result of this physical loss or damage to property at its locations, as well as the locations of CommScope's suppliers and customers, CommScope could not meet customer demand for products.

41. CommScope has incurred substantial costs and expenses at its affected locations to retrofit and otherwise mitigate the impact of SARS-CoV-2, COVID-19 and the global pandemic.

42. SARS-CoV-2 has caused and continues to cause physical loss or damage to CommScope property at insured locations, including physical, tangible alteration to property at such locations.

43. The presence of SARS-CoV-2 has rendered certain of CommScope's locations unsafe/otherwise uninhabitable and unfit for their intended purposes, forcing CommScope to temporarily suspend or reduce business and operations at such locations and/or modify the use of such locations.

44. SARS-CoV-2 has caused and continues to cause physical loss or damage to property withing 5 miles of CommScope's locations.

45. Government Closure Orders preventing or suspending access to certain of CommScope's locations prevented CommScope from using its property for its intended purposes.

46. The Government Closure Orders have also caused and continued to cause physical loss or damage to property at locations of CommScope's suppliers and customers, including both its direct and secondary suppliers and customers.

47. The above-referenced physical loss or damage to property of CommScope's suppliers and customers and/or to property within 5 miles of such locations has resulted in loss to CommScope, including loss of revenue and increased costs and expenses. For example, such loss or damage has caused CommScope to incur supply issues with respect to components necessary to produce, manufacture and distribute certain CommScope products and has delayed or prevented CommScope's manufacture, production or sale of such products. Such loss or damage has also caused CommScope to incur incremental increases in freight and shipping costs.

48. CommScope's losses from SARS-CoV-2 and/or the Government Closure Orders are ongoing.

8

Case 5:21-cv-00088-KDB-DSC   Document 1-1   Filed 06/09/21   Page 8 of 16

## IV. The CommScope Insurance Policy

49. Allianz sold CommScope a commercial property insurance policy, No. USP00032518, that provides a total of $500,000,000 in aggregate limits of liability for the period of June 30, 2018 to June 30, 2021 (the "Policy" or the "Allianz Policy").

50. CommScope is the named insured under the Allianz Policy.

51. The Allianz Policy is an "all-risk" insurance policy.

52. The Allianz Policy provides two broad categories of coverage, Property Damage coverage and Time Element coverage. Each category contains subcategories of coverage which apply to specific types of perils.

53. The Allianz Policy covers losses sustained due to SARS-CoV-2 and/or sustained due to the Government Closure Orders.

### A. Property Damage Coverages

54. The Allianz Policy covers "all risks of direct physical loss or damage to Insured Property at Insured Location(s), provided such physical loss or damage occurs during the Policy Period." This means that the Policy covers all risks of loss unless specifically excluded.

55. The Allianz Policy covers all risks of direct physical loss and all risks of damage to property.

56. The Policy provides that, among other things, the presence of SARS-CoV-2 constitutes a risk of physical loss or a risk of damage triggering coverage under the policy.

57. For example, the Policy provides coverage for "Decontamination Costs" which covers "loss or damage to Insured Property" that is "caused by the actual presence of 'contaminants' in or on such Insured Property."

58. The Decontamination Costs coverage also includes "any additional cost incurred by the Insured in order to satisfy the minimum requirements of any law or ordinance . . . that regulates the cleanup or removal of such 'contaminants.'"

59. CommScope has incurred substantial losses requiring decontamination that are covered under the Decontamination Costs coverage provision.

### B. Time Element Coverages

60. The Allianz Policy covers "Time Element" or business interruption loss under a variety of different provisions.

#### i. Extra Expense

61. The Allianz Policy covers EXTRA EXPENSE loss which is "the reasonable and necessary extra costs incurred by the Insured during the PERIOD OF LIABILITY" to "temporarily continue as nearly normal as practicable the conduct of the Insured's business" and of "temporarily using property or facilities of the Insured or of others."

62. CommScope has incurred substantial losses applicable to the EXTRA EXPENSE coverage.

63. CommScope is entitled to recover its EXTRA EXPENSE losses, up to the limits provided in the Policy.

#### ii. Gross Earnings and/or Gross Profits

64. The Policy covers GROSS EARNINGS and GROSS PROFIT loss consisting of the "actual loss sustained by the Insured due to the necessary interruption of the Insured's business during the PERIOD OF LIABILITY."

65. For the purposes of GROSS EARNINGS, the interruption of the Insured's business includes when it is "wholly or partially prevented from producing goods or continuing business operations or services."

66. For the purposes of GROSS PROFITS, the interruption of the insured's business includes when it has a "reduction in sales" or has an "increase in cost of doing business."

67. CommScope has incurred substantial losses applicable to both the GROSS EARNINGS and GROSS PROFITS coverages.

68. CommScope is entitled to recover its GROSS EARNINGS/GROSS PROFITS losses, up to the limits provided in the Policy.

### iii. Contingent Time Element

69. The Allianz Policy covers "the actual loss sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY directly resulting from physical loss or damage not otherwise excluded by this 'policy' to any property . . . at . . 'Tier 1 Suppliers' . . . 'Tier 1 Customers' . . . 'Tier 2 Suppliers' . . . or 'Tier 2 Customers.'"

70. The Policy defines Tier 1 Suppliers as "direct suppliers of the Insured."

71. The Policy defines Tier 1 Customers as "direct customers of the Insured."

72. The Policy defines Tier 2 Suppliers as "direct suppliers of 'Tier 1 Suppliers.'"

73. The Policy defines Tier 2 Customers as "direct customers of 'Tier 1 Customers.'"

74. CommScope has incurred substantial losses applicable to the CONTINGENT TIME ELEMENT coverage for suppliers and customers in both Tier 1 and Tier 2.

75. CommScope is entitled to recover its CONTINGENT TIME ELEMENT losses, up to the limits provided in the Policy.

#### iv. Ingress/Egress

76. The Allianz Policy covers the "actual loss sustained and the EXTRA EXPENSE incurred by the Insured due to the necessary interruption of the Insured's business" insofar as "the interruption directly results from the prevention of ingress to or egress from Insured Location(s)" and "the prevention . . . is caused by physical loss or damage not otherwise excluded by this 'policy'" and the property is "situated within the Distance Limitation" for this coverage part.

77. CommScope has incurred substantial losses applicable to the Ingress/Egress coverage.

78. CommScope is entitled to recover its Ingress/Egress losses, up to the limits provided in the Policy.

#### v. Order of Civil or Military Authority

79. The Allianz Policy covers the "actual loss sustained and the EXTRA EXPENSE incurred by the Insured due to the necessary interruption of the Insured's business" insofar as "the interruption directly results from an order of a civil or military authority that specifically prohibits access to Insured Location(s)." The Policy requires that any such order must be "caused by physical loss or damage not otherwise excluded by this 'policy'" to property "at the Insured Location(s) to which access is prohibited" or "within the Distance Limitation" for this coverage part.

80. The Distance Limitation provided in the Policy for this coverage part is 5 statute miles.

81. CommScope has incurred substantial losses applicable to the Order of Civil or Military Authority coverage.

82. CommScope is entitled to recover its Order of Civil or Military Authority losses, up to the limits provided in the Policy.

### vi. Protection and Preservation of Property

83. The Allianz Policy covers the "actual loss sustained by the Insured for a period of time not to exceed: (1) forty-eight (48) hours prior to; and (2) forty-eight (48) hours after . . . the Insured first taking reasonable action for the temporary protection and preservation of Insured Property at Insured Location(s) provided such action is necessary to prevent immediately impending physical loss or damage not otherwise excluded by this 'policy.'"

84. CommScope has incurred substantial costs applicable to the Protection and Preservation of Property coverage.

85. CommScope is entitled to recover its Protection and Preservation of Property coverage costs, up to the limits provided in the Policy.

### vii. Logistics Extra Cost

86. The Allianz Policy covers the "extra cost incurred by the Insured during the PERIOD OF LIABILITY due to the disruption of the normal movement of goods or materials: (1) directly between Insured Locations; or (2) directly between an Insured Location and a 'location' of a direct customer, supplier, contract manufacturer or contract service provider to the Insured." Any such disruption must be "a direct result of physical loss or damage of the type insured to property of the type insured."

87. Logistics Extra Cost coverage does not include loss of income.

88. By its terms, the Policy exclusions are not applicable to Logistics Extra Cost coverage.

13

Case 5:21-cv-00088-KDB-DSC   Document 1-1   Filed 06/09/21   Page 13 of 16

89. CommScope has incurred substantial costs applicable to the Logistics Extra Cost coverage.

90. CommScope is entitled to recover its Logistics Extra Cost coverage costs, up to the limits provided in the Policy.

**V.    CommScope's Coverage Claim**

91. CommScope timely provided notice of loss to Allianz.

92. CommScope has fully cooperated with Allianz.

93. CommScope has fully complied with all deadlines under the Allianz Policy.

94. CommScope paid all premiums due under the Allianz Policy and has complied with and satisfied all conditions to the extent applicable and not otherwise waived or excused, including submission of a proof of loss.

95. CommScope is entitled to an order declaring that the Allianz Policy provides coverage for CommScope's Loss.

**CAUSE OF ACTION**
(Declaratory Judgment)

1. CommScope repeats and realleges the allegations set forth in the proceeding paragraphs of this Complaint as if set forth fully herein.

2. Allianz sold CommScope the Allianz Policy, which is a valid contract between the parties.

3. CommScope paid all premiums due under the policy and has complied with and satisfied all conditions to the extent applicable and not otherwise waived or excused.

4. The Allianz Policy was in force during the time of the loss or damage at issue in this action.

5. CommScope has sustained physical loss or damage to property at insured locations as well as Time Element loss.

6. CommScope is entitled to a declaration of coverage under the various policy provisions, including, but not limited to Decontamination Costs, Extra Expense, Gross Earnings/Gross Profit, Contingent Time Element, Ingress/Egress, Order of Civil or Military Authority, Protection and Preservation of Property, and Logistics Extra Cost.

7. No exclusion or other provision of the Allianz Policy excludes coverage for CommScope's losses.

8. There is an actual and justiciable controversy between CommScope and Allianz regarding Plaintiff's rights to coverage under the Allianz Policy for losses

9. CommScope seeks a declaration of the parties' rights and duties under the Allianz Policy pursuant to N.C.G.S. §§ 1-253, *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, CommScope prays for judgment against Allianz as follows:

(1) A declaration from the Court that (a) each of the coverage provisions identified in this Complaint are triggered by CommScope's insurance claim; and (b) that no exclusion in the Allianz Policy limits or precludes coverage for CommScope's claim;

(2) For all ancillary relief consistent with such a declaration;

(3) All such additional relief as determined by the Court to be just and proper.

**JURY TRIAL DEMANDED**

CommScope demands trial by jury on all issues so triable.

15
Case 5:21-cv-00088-KDB-DSC   Document 1-1   Filed 06/09/21   Page 15 of 16

This 21st day of May, 2021.

_____
Pearlynn G. Houck
N.C. Bar No. 36364
phouck@robinsonbradshaw.com

Richard C. Worf
N.C. Bar No. 37143
rworf@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:     704.377.2536
Facsimile:     704.378.4000

Mark E. Miller
(*pro hac vice admission forthcoming*)
millerm@millerfriel.com

Tab R. Turano
(*pro hac vice admission forthcoming*)
turanot@millerfriel.com

Benjamin W. Massarsky
 (*pro hac vice admission forthcoming*)
massarskyb@millerfriel.com

**MILLER FRIEL, PLLC**
2445 M Street, Suite 910
Washington, DC 20037
Telephone:     (202) 760-3160
Facsimile:     (202) 459-9537

*Attorneys for Plaintiff*

16